UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLEVELAND ROGERS,

        Plaintiff,

v.

Case Number 07-12220-BC
Honorable Thomas L. Ludington

DETROIT POLICE DEPARTMENT, *et al.*,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, AND SUA SPONTE DISMISSING CERTAIN DEFENDANTS**

According to Plaintiff Cleveland Rogers's ("Plaintiff") second amended complaint, a Detroit police officer, Defendant Dieasree Harrell ("Defendant Harrell"), violated Plaintiff's constitutional rights when he was struck by a bullet from her firearm. Dkt. # 36. The incident arose when Defendant Harrell observed Plaintiff surveying a residence. Plaintiff fled by foot to the backyard of the residence when Defendant Harrell approached him. While Plaintiff attempted to climb a fence in the backyard, Defendant Harrell's firearm discharged a round and struck Plaintiff in the leg. The parties dispute how the firearm fired; Plaintiff contends Defendant Harrell pulled the trigger unprovoked and Defendant Harrell asserts that Plaintiff reached for the gun, jostling the trigger. Plaintiff was arrested and charged with attempted home invasion in violation of Mich. Comp. Laws § 750.110a(2), attempted disarming of a peace officer in violation of Mich. Comp. Laws § 750.479b(2), and resisting and obstructing an officer causing injury in violation of Mich. Comp. Laws § 750.81d(2). After a bench trial, Plaintiff was convicted of the resisting and obstructing charge. Plaintiff's claim of appeal reflects that the other two charges were "vacated."

Plaintiff advances two general categories of claims. The first category alleges that Defendant

Harrell used excessive force while arresting Plaintiff in violation of Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments. Dkt. # 48 at 4. The second category alleges that fellow police officers conspired to cover up the shooting during an investigation of the events and subsequent prosecution in violation of his First, Fifth, Ninth, and Thirteenth Amendments. *Id.* at 4-5. Plaintiff relies on 42 U.S.C. §§ 1981, 1983, 1985 & 1986.

Plaintiff's initial complaint identified the Detroit Police Department ("Defendant Department") and Defendant Harrell as defendants. Dkt. # 1. Defendant Department moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it is not a legal entity. Dkt. # 7. With the Court's permission, Plaintiff amended his complaint. Dkt. # 9, 20. After the amendment, the Department again moved to dismiss because it was not a legal entity. Dkt. # 24. Upon referral from this Court, Magistrate Judge Charles E. Binder issued a report and recommendation concluding that the Court should grant the motion to dismiss. Dkt. # 25. In response, Plaintiff filed an objection requesting that the Court equate Defendant Department to the City of Detroit. Dkt. # 26. Plaintiff subsequently filed a second motion to amend the complaint. Dkt. # 36. Consequently, the Court rejected the report and recommendation as moot, permitted Plaintiff to amend his complaint for the second time, and again referred the case to Magistrate Judge Binder. Dkt. # 31.

The second amended complaint identified Defendant Harrell, and Kenneth Balinski ("Defendant Balinski") as defendants. Dkt. # 36. It also identified the City of Detroit, Joan Miller, Marvin Redmond, Gasper Rossi, and Scott Shea as defendants, but apparently none has been served. *Id.*, *see also* Dkt. # 51. Defendant Harrell and Defendant Balinski filed a motion to dismiss pursuant

to Federal Rules of Civil Procedure 12 and 56.[1] Dkt. # 47. On July 21, 2008, Plaintiff filed a brief in response. Dkt. # 48. Plaintiff's response to the motion to dismiss requests the Court to dismiss without prejudice the second category of claims, but contends that Defendant Harrell is not immune from the excessive force claim. *Id.* at 25. On September 30, 2008, Magistrate Judge Binder issued a second report and recommendation concluding Defendant Harrell was not entitled to qualified immunity with respect to Plaintiff's excessive force claim under the Fourth Amendment, but that all remaining claims should be dismissed. The magistrate judge reasoned that Plaintiff's civil rights complaint was the incorrect vehicle to challenge his confinement; rather, Plaintiff was required to seek relief through a petition for habeas corpus. Dkt. # 51 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Further, Defendant Balinski was entitled to dismissal under the *Heck* doctrine. The magistrate judge also recommended that the Court sua sponte dismiss all claims against the remaining officer defendants for the same reason. *Id.* Lastly, the report recommended dismissing the claim against the Defendant City because Plaintiff has not connected his injury to a specific policy adopted by Defendant City.

On October 17, 2008, Plaintiff filed a motion to amend the complaint for a third time. Dkt. # 52. The motion explains that Plaintiff seeks "to include a description of the city policy that is deliberately indifference to plaintiffs rights under U.S.C.A. §§ 1983, 1985(2), 1985(3), 1986, and 1981."[2] *Id.* Plaintiff nor Defendants filed an objection. The proposed third amended complaint advances allegations specific to policies employed by Defendant City, but does suggest any

---

[1] While mainly relying on Rule 12(b)(6), the motion relies on Rule 56 for Defendant's request for qualified immunity and offers exhibits in support of that position.

[2] The use of "[sic]" is avoided when quoting Plaintiff's pleadings. Rather, Plaintiff's language is quoted verbatim. Plaintiff's pleadings utilize all capital letters, which have been changed to standard upper and lower case letters.

amendments that address the magistrate judge's conclusions that Plaintiff's claims arising from the investigation and prosecution are barred by the *Heck* doctrine.

The initial inquiry is whether the Court should recognize Plaintiff's pleading as an objection. Defendants have not objected to the report and recommendation. Plaintiff did move to amend the complaint, which will be construed as an objection. *Cf. Haines v. Kerner*, 404 U.S. 519-520-21 (1972). The issues raised in the motion to amend notwithstanding, the report and recommendation will be adopted. The motion to amend only seeks to clarify Defendant City's policy. Dkt. # 52. It does not address any of the magistrate judge's conclusions concerning the remaining defendants. *Id.* Thus, the conclusions concerning all other defendants are not rebutted and will be adopted.

With respect to Defendant City, Plaintiff alleges that it adopted a policy to permit officers to use deadly force "based on the officers perception . . . perception is not precise or accurate enuff to be the deciding factor of harm being inflicted on citizens" and cites "policy 304.2." Proposed Third Amended Complaint at 4. Plaintiff contends that an appropriate policy is one that would permit the use of deadly force based on "visible facts." *Id.* However, the policy that Plaintiff cites appears to be contrary to his representation. Plaintiff submitted a copy of "policy 304.2" as an exhibit to his response brief, which states in pertinent part as follows:

> An improper use of authority and/or excessive or unjustified use of force undermine the legitimacy of an officer's authority and hinders the department's ability to provide effective law enforcement services to the community. Officers who use excessive force or an unauthorized use of force shall be subject to discipline, possible criminal prosecution, and/or civil liability. **Use of force is only authorized when it is objectively reasonable and for a lawful purpose.**
>
> \* \* \*
>
> An imminent threat is an officer's reasonable perception of impending danger of death or serious injury from any action or outcome that may occur during an encounter. Thus, a subject may pose an imminent or impending danger even if he

> or she is not at that very moment pointing a weapon at the officer if, for example, he or she has a weapon within reach or is running for cover carrying a weapon or running to a place where the officer has reason to believe a weapon is available.

* * *

Use of deadly force is only authorized:

> Against a subject who poses an imminent threat of death or serious bodily injury to the officers or others and only when bystanders are not in jeopardy.

Dkt. # 48 at 27-30 (emphasis in original). Defendant's reliance on this policy is unpersuasive. The policy only authorizes an officer to use deadly force when one has an "objectively reasonable" belief that the subject of the force "poses an imminent threat of death or serious bodily injury." While Plaintiff disputes that Defendant Harrell acted objectively reasonable, dkt. # 48 at 14, the allegations do not indicate that the policy was in any way related to the injury. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). Thus, permitting amendment would be futile, *see Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), and, to the extent the motion is an objection, it will be overruled.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file an amended complaint [Dkt. # 52] is **DENIED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 51] is **ADOPTED**.

It is further **ORDERED** that Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. The City of Detroit, Kenneth Balinski, Joann Miller, Marvin Redmond, Gasper Rossi, and Scott Shea are **DISMISSED**. All claims asserted against Dieasree Harrell except for the excessive force claim are **DISMISSED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 16, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 16, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS