CLEVELAND ROGERS,

        Plaintiff,

                              Case Number 07-12220-BC

v.                                 Honorable Thomas L. Ludington

DIEASREE HARRELL,

        Defendant.

                                       /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ADMISSION OF PRIOR CONVICTIONS AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DRAWINGS**

Plaintiff Cleveland Rogers filed a complaint pursuant to 42 U.S.C. § 1983 on May 22, 2007, contending that multiple defendants violated his constitutional rights during an incident in Detroit, Michigan on April 25, 2006. Following the resolution of several pretrial motions, Plaintiff's only remaining claim involves allegations of excessive force in violation of the Fourth Amendment against Defendant Dieasree Harrell. A trial on the excessive force claim is scheduled to begin on June 1, 2010.

Now before the Court are Plaintiff's motions in limine to exclude evidence that he has been convicted of criminal conduct in the past and to exclude certain drawings he made depicting various perspectives of the events in question. Defendant did not respond to either motion. For the reasons that follow, Plaintiff's motion to exclude evidence of prior convictions [Dkt. # 72] will be **GRANTED IN PART AND DENIED IN PART** and Plaintiff's motion to exclude the drawings [Dkt. # 73] will be **DENIED WITHOUT PREJUDICE**.

# I

Plaintiff testified during a deposition that while walking past 11942 Greiner Street in Detroit on April 25, 2006, he observed that the home located on the property was, as usual, empty. He knocked on the door to confirm his suspicions. Hearing no response, he stood on a nearby milk crate, lifted the window screen, and peered inside. Plaintiff asserts that he was examining the home to determine whether it was empty, and that he intended to assert squatters rights if the home had been abandoned. As he was on the crate looking through the window, Defendant, then a police officer employed by the City of Detroit, observed Plaintiff's conduct. Plaintiff also noticed the nearby police officer, and left his perch atop the milk crate and ran around behind the house. Defendant pursued him. On his second attempt to climb the back fence and flee, Defendant pulled Plaintiff off the fence in an apparent attempt to arrest him. At this point, the parties accounts differ. Plaintiff contends he was making another attempt to flee when Defendant, unprovoked, shot him in the left leg. Defendant contends that after she pulled Plaintiff from the fence, he punched her twice in the face and attempted to disarm her. During his attempt to disarm her, her service weapon accidentally discharged, striking Plaintiff in the leg.

Plaintiff was arrested and charged with attempted first degree home invasion, Mich. Comp. Laws § 750.110a(2), attempting to disarm a police officer, Mich. Comp. Laws § 750.479b(2), and resisting and obstructing a police officer causing injury, Mich. Comp. Laws § 750.81d(2). Following a bench trial, Plaintiff was convicted on all three counts and sentenced to serve between 57 and 120 months in prison.[1]

---

[1] An earlier report and recommendation from a magistrate judge asserted that the attempted home invasion and attempted disarming of a police officer charges were "vacated." *Rogers v. Detroit Police Dep't*, 585 F. Supp. 2d 757, 764 (E.D. Mich. 2009). The records provided to the

**II**

Plaintiff's first motion in limine asserts that any reference to earlier criminal convictions should be excluded from trial under Federal Rules of Evidence 401, 402, 404(b), and 609. Plaintiff has at least six prior convictions. He was convicted of dealing with stolen credit cards, uttering and forgery, and dealing in stolen property in Florida in 1988. In 1991 or 1992 he was convicted of driving under the influence in Tennessee. He was convicted of third-degree home invasion in Wayne County, Michigan in 2001. Finally, he was convicted of attempted home invasion, resisting and obstructing a police officer causing injury, and attempting to disarm a police officer in Wayne County, Michigan in 2006.

Plaintiff first asserts that the convictions cannot be used pursuant to Federal Rule of Evidence 404(b) to prove his "character" and that he acted "in conformity therewith." So, for example, his 2001 home invasion conviction is not admissible to prove that he has the character of a home invader and was acting in conformity with that character when the events underlying this case occurred. The convictions may, however, be admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, the only reason that Defendant would seek to introduce evidence of Plaintiff's prior convictions is to cast doubt on his character. Accordingly, the past convictions are inadmissible under Rule 404(b).

---

court do not confirm that assertion. *But see* Dkt. 47-8, 47-3 at 17–18. Indeed, the Michigan Court of Appeals affirmed the conviction on all three counts, *People v. Rogers*, No. 274615, 2008 WL 1733720 (Mich. Ct. App. Apr. 15, 2008), and the Michigan Supreme Court declined to hear an appeal, *People v. Rogers*, 482 Mich. 898 (2008); *see also* Michigan Department of Corrections Offender Tracking Information System, www.state.mi.us/mdoc/asp/otis2.html, May 19, 2009 (indicating that Defendant is serving a prison sentence related to all three charges).

Moreover, the convictions are irrelevant to the only factual dispute—whether Defendant intentionally shot Plaintiff, and if she did, whether the shooting was reasonable under the circumstances. Fed. R. Evid. 402. The prior convictions have no bearing on the disputed factual issues and are inadmissible for those purposes.

Plaintiff next contends that the convictions are not admissible for impeachment purposes. The Tennessee and Florida convictions are not admissible because they are more than ten years old. Fed. R. Evid. 609(b). The Michigan convictions, which are less than ten year old, are admissible for impeachment purposes unless the probative value of those convictions as to Plaintiff's character for truthfulness is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 609(a), 403; *see United States v. Kemp*, 546 F.3d 759 (6th Cir. 2008).

Rule 609 presumes that evidence of recent felony convictions will be admitted to impeach the testimony of witnesses in civil cases. The presumption is based not on the particular elements of the felony, but on the fact of conviction itself. *See Molinares v. Limon*, No. 1:07-CV-413, 2009 WL 1542896, at *1 (W.D. Mich. June 2, 2009). Under the law, convicted felons are simply assumed to be less truthful than witnesses who have not been convicted of a felony in the last ten years. If, however, the probative value of the conviction as to the Plaintiff's truthfulness is substantially outweighed by the danger of unfair prejudice, evidence of the conviction may be excluded.

Here, the potentially admissible convictions include the third degree home invasion conviction from 2001 and the three 2006 convictions resulting from the events underlying this case. The 2006 convictions are inadmissible. The danger that the jury will misuse those convictions and simply assume that the Defendant police officer was justified in shooting Plaintiff, even if the shooting was not an accident, is too great. Plaintiff was peering into the window of a home he

believed to be unoccupied when the encounter with Defendant began, and Plaintiff was later convicted of attempted home invasion, resisting and obstructing arrest, and attempting to disarm a police officer. There is a substantial risk that the jury will assume that whatever the events, the convictions mean the shooting was accidental or justified. The 2006 convictions are not, however admissible for that purpose. Fed. R. Evid. 404(b). The only reason the 2006 convictions may be admissible is for the purpose of "attacking [Plaintiff's] character for truthfulness." Fed. R. Evid. 609(a). The probative value of those convictions as to Plaintiff's character for truthfulness is minimal, and the potential for those convictions to unfairly prejudice Plaintiff is great. Accordingly, the 2006 convictions must be excluded.

The 2001 conviction is admissible. The conviction is removed in time from the events of this case, and it does not involve conduct that necessarily involved physical conflict with police officers. The probative value of the conviction as to Plaintiff's character for truthfulness is equivalent to the probative value of the 2006 convictions, but the danger of unfair prejudice is substantially less. Plaintiff has not demonstrated that evidence of the 2001 conviction should be excluded. A proper limiting instruction concerning the relevancy of the conviction will be sufficient to protect Plaintiff's interests.

### III

Plaintiff's second motion in limine contends that certain drawings Plaintiff made depicting different perspectives of the events leading to this case should be excluded because they are irrelevant, and to the extent they are relevant, the probative value of the drawings is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 402, 403. The first, and most detailed drawing, depicts two sets of hands touching a single firearm. The drawing allegedly depicts

Plaintiff's understanding of Defendant's version of events. The next two drawings depict a man standing on a milk crate and peering through a window. They represent Plaintiff's version of his actions immediately before the confrontation. The final two drawings depict Plaintiff's version of the events immediately before he was injured, including a depiction of Defendant pulling him from the fence and then allegedly shooting him in the leg to stop him from running away. Plaintiff created the drawings for the sole purpose of explaining to his former counsel the events underlying his 2006 convictions.

Plaintiff first asserts the drawings should be excluded because they are irrelevant. Fed. R. Evid. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Plaintiff has not demonstrated the drawings are irrelevant and should be excluded. Drawings two through five show Plaintiff's perspective of the events, and his understanding of what occurred. Drawing one is a visual depiction of Plaintiff's understanding of Defendant's testimony. Both perspectives are potentially relevant to understanding what happened on April 25, 2006.

Plaintiff next asserts that the limited probative value of the drawings is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Plaintiff contends that the jury will be confused by drawing one because it depicts a different perspective than drawings two through five. Plaintiff will have to authenticate the drawings before they are admitted, and in doing so, he will have an opportunity to explain them. Plaintiff's counsel will have a further opportunity to explain them during their case summation. It

seems unlikely that the jury will be confused by the fact that the drawings portray different perspectives. Plaintiff also asserts that the drawings are more prejudicial than probative, but does not explain exactly what is prejudicial about them. Plaintiff will have an opportunity to testify and explain his version of events. The drawings will potentially illustrate those events. As such, unless Plaintiff can articulate exactly why they are dangerously prejudicial, they will not be excluded.

**IV**

Accordingly, it is **ORDERED** that Plaintiff's motion in limine to exclude admission of evidence concerning his prior criminal convictions is **GRANTED IN PART AND DENIED IN PART**. Inquiry into Plaintiff's Tennessee conviction, Florida convictions, and 2006 Michigan convictions is prohibited. The 2001 conviction for third degree home invasion is admissible for the limited purpose of attacking Plaintiff's character for truthfulness on cross examination.

It is further **ORDERED** that Plaintiff's motion in limine to exclude the drawings is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 19, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS